UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SPECIALTY FINANCE GROUP LLC,

        Plaintiff,

v.                                                    Case No. 10-C-315

DOC MILWAUKEE, LP; SETH E. DIZARD,
as Receiver of DOC Milwaukee, LP;
UIHLEIN ELECTRIC COMPANY, INC.;
BLACK DIAMOND GROUP INCORPORATED;
OTIS ELEVATOR COMPANY;
SPANCRETE INDUSTRIES, INC.;
SUPERIOR MASONRY BUILDERS, INC.;
COMMERCIAL WALL & CEILING,
a division of BEEN ACOUSTICS CORPORATION;
RANKIN, INC.; VJS CONSTRUCTION SERVICES, INC;
C.W. PURPERO, INC; LIPPERT TILE CO, INC.;
FREEDOM FIRE PROTECTION, LLC;
LANGER ROOFING & SHEETMETAL, INC.;
KLEIN DICKERT MILWAUKEE, INC.;
THOMAS A. MASON COMPANY, INC.;
ALPINE PLUMBING, INC.;
SID'S SEALANTS, LLC;
ELECTRICAL RESOURCE MANAGEMENT, INC.;
A-AMERICAN CONTRACTORS & SUPPLIERS, INC.;
MORTL SEALANTS & RESTORATION, LLC;
MIDWEST STAIRS AND IRON, INC.;
BUTTERS-FETTING CO., INC;
ECONOMOU PARTNERS CONSTRUCTION, INC.;
STJ, P.C. d/b/a ECONOMOU PARTNERS;
VEOLIA ES SOLID WASTE MIDWEST, LLC;
ROARING FORK, LLC; and
FIRST FRANCHISE CAPITAL CORP.
f/k/a IRWIN FRANCHISE CAPITAL CORP.;

        Defendants.

## DECISION AND ORDER

This is a federal foreclosure action filed by the Plaintiff, Specialty Finance Group, LLC ("SFG") pursuant to 28 U.S.C. §§ 2001 and 2002. SFG seeks to foreclose upon the mortgage encumbering property located at 1150 North Water Street, Milwaukee, Wisconsin (the "Property"). The Defendants are DOC Milwaukee LP ("DOC LP"); Seth E. Dizard ("Dizard"), the court-appointed receiver of DOC LP; and 26 entities that SFG alleges may claim an interest or lien in the Property. (Compl. ¶ 1.) Jurisdiction is predicated upon 28 U.S.C. § 1332, based on the allegation that the parties are diverse[1] and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Dizard filed a motion asserting that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). In the alternative, Dizard maintains that all required parties must be joined in this action, pursuant to Fed. R. Civ. P. 12(b)(7). SFG filed two non-dispositive motions: a motion to substitute 2010-1 SFG Venture LLC ("Venture") as the Plaintiff in this action pursuant to Fed. R. Civ. P. 25(c); and a motion to file a reply brief in support of its motion to substitute. Also pending is a motion for withdrawal and discharge of counsel for

---

[1] SFG is a Georgia limited liability company whose sole member is Silverton Bank, N.A. ("Silverton"), a national banking association that has its principal place of business in Georgia. (Compl. ¶ 4). For purposes of diversity jurisdiction, a national bank is a citizen of the state designated in its articles of incorporation as the locus of its main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 313-14 (2006); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). The Complaint does not include the relevant jurisdictional fact: the location of Silverton's main office. *See id.*

However, this Court takes judicial notice of the removal notice filed in *SJ Properties Suites, Buyco v. Specialty Finance Group, LLC*, Case Number 10-CV-198 (E.D. Wis.)( the "198 action") that states Silverton's main office is located in Georgia. (198 action, Notice of Removal, ¶ 11.) As such, SFG is a citizen of Georgia.

Defendants Economou Partners Construction, Inc. ("Economou") and STJ, P.C., d/b/a Economou Partners ("STJ, P.C.").

### *RELEVANT FACTS*

This dispute arises out of the insolvency and work stoppage of a partially constructed mixed use development located at the Property. (Dizard Aff. ¶ 2, Ex. 1 (Halloin Aff. filed in *BuyCo v. DOC LP*, Case Number 09-CV-9785 (Milwaukee County Circuit Court) (the "Receivership action")) ¶¶ 2-3.) The Project's owner is DOC LP.[2] (Dizard Aff. ¶ 2, Ex. 1 ¶¶ 4-5.) EP Milwaukee, LLC ("EP") and SJ Properties Suites, BuyCo, ehf ("BuyCo") are two partners in DOC LP. (Dizard Aff. ¶ 2, Ex. 1 ¶ 5.) BuyCo and two other companies, SJ-Fasteignir, ehf ("Fasteignir") and Askar Capital, hf ("Askar") provided over $17 million in loans and equity for the construction of the Project. (Dizard Aff. ¶¶ 2,5, Ex. 1 ¶ 52; Ex. 4 (Pet. Appoint. Receiver in the Receivership action) ¶ 15.)

SFG, a subsidiary of Silverton, provided funding for the Project through a construction loan (the "SFG Loan"). (Compl. ¶¶ 1, 36.) On January 11, 2008, when five stories of the Project had been completed, SFG recorded a mortgage against the Project. (Compl., Ex. C, 2; Dizard Aff. ¶ 3 Ex. 2 (Roever Aff. Supp. Petitioning Intervening Pls. BuyCo, Fasteignir, and Askar Resp. Br. Opp'n SFG's Mot. Dismiss filed in *Dizard v. SFG*, No. 09-CV-11574 (Milw. County)), ¶ 6 and Ex. E thereto (Copy of a June 8, 2009, photograph of the Project).) The SFG Loan was personally guaranteed by Phillip E. Hugh, John W. Economou, and Steve J. Economou (collectively the "Guarantors"). (Dizard Aff. ¶ 4, Ex. 3

---

[2]DOC LP is a Delaware limited partnership. (Compl. ¶ 4.)

(Compl. filed by SFG in Case No. 10-CV-1020 (N.D. Ga.)), ¶ 28) and Ex. C thereto (Guaranty Agreement).)

Work stopped at the Project in January of 2009. DOC LP became insolvent shortly afterwards. On May 27, 2009, BuyCo, Fasteignir, and Askar filed a lawsuit in this federal district court, Case Number 09-CV-533 (the "533 action") against the Project's general contractor, its principals, and the former general partner of DOC LP and its principals for various claims including theft by contractor. On June 8, 2009, BuyCo also filed a lawsuit in this federal district court, Case Number 09-CV-569, (the "569 action") against the other partners of DOC LP to attempt to resolve the issues of its interest in DOC LP. On September 14, 2009, this Court allowed the Receiver to intervene in the 533 action. (Court's Decision and Order, 533 action, filed on Sept. 15, 2009, 10.) On November 10, 2009, the Court granted BuyCo, Fasteignir, and Askar's motion to consolidate the two actions and granted Dizard's motion to intervene in the 569 action. (Court's Decision and Order, 533 action filed on Nov. 12, 2009, 10-11.) The consolidated action is the 533 action.

On June 22, 2009, BuyCo filed the Receivership action, pursuant to Chapter 128 and Section 179.73[3] of the Wisconsin Statutes. (Dizard Aff. ¶ 5, Ex. 4 (Pet. Appointment Receiver).) The Receivership action was filed to address insolvency issues, and because DOC LP's partners were engaged in a dispute that prevented DOC LP from doing business. (Dizard Aff. ¶¶ 3-21, 34; Court's Decision and Order, 533 action, filed on Sept. 15, 2009, 4.) The Receivership action is currently pending in the state circuit court.

---

[3]Section 179.73 relates to the wind-up of a limited partnership's affairs, and authorizes, upon a showing of cause, a state circuit court to direct a wind-up.

4

On July 8, 2009, after a hearing on the petition for a receiver, Judge Mel Flanagan ("Flanagan") signed an order appointing Dizard. (Dizard Aff. ¶ 6, Ex. 5 (Order Appointing Receiver)). The order appointing receiver generally allows the receiver to take control of and administer, the assets of DOC LP — primarily the Project. The order also allows the receiver to perform the following actions, among others:

> b. To sell the property of [DOC LP] outside the ordinary course of business, free and clear of all liens, claims and encumbrances with any and all liens, claims and encumbrances attaching to the sale proceeds in the priority which existed prior to such sale, through public or private proceedings, in any commercially reasonable manner, subject to the prior approval of this Court;
>
> c. To lease space in the property of [DOC LP] under terms and conditions consistent with the applicable real estate market and as commercially prudent and reasonable;
>
> d. To bring and prosecute all proper actions for the: (a) collection of revenues derived from the property of [DOC LP], (b) removal from the property of [DOC LP] of persons not entitled to entry thereon, (iii) [sic] protection of the property of [DOC LP], and (c) any damage caused to the property of [DOC LP]
>
> e. To employ any person or firm to collect, manage, lease, maintain and operate the property of [DOC LP] if the Receiver deems it necessary or appropriate in its discretion and judgment to do so;
>
> f. To hire, employ and retain attorneys, certified public accountants, investigators, security guards, consultants, property management companies, brokers and any other personnel or employees (in addition to those listed in paragraph 8) which the Receiver deems necessary to assist him in the discharge of his duties;
>
> . . . .

> > h. To confirm that the property of [DOC LP] is adequately insured, to promptly report any evidence of findings to the contrary to the parties and to the Court and, if necessary, to disburse funds for the maintenance of fire, hazard and liability insurance for the property of [DOC LP], as applicable;
> >
> > . . . .
> >
> > l. To make any repairs to the property of [DOC LP] that the Receiver, in his discretion, deems necessary or appropriate;
> >
> > . . . .
> >
> > u. To actively pursue and enter into bona fide financing proposals on the building project in order to satisfy creditor claims, protect equity, and complete the construction and fully open the project, if doing so is in the best interests of creditors.

((Dizard Aff. ¶ 6, Ex. 5 ¶ 9.)

SFG declined to participate in the Receivership action asserting that as a secured creditor it may not be compelled to participate in that action. (Dizard Aff. ¶ 7, Ex. 6 (Not. from SFG of "Intent Not to Participate [In] or be Bound by Ch. 128 Wis. Stat. Proceedings").) SFG has not provided any funding to protect the Project, to collect rents, to provide insurance, or to secure the Project. (Dizard Aff. ¶ 16.) BuyCo and other lenders for the Project, Fasteignir and Askar, have been providing the funds. (*Id.*)

On July 24, 2009, Dizard brought an action for declaratory relief in Milwaukee County Circuit Court, Case Number 09-CV-11574 (the "Declaratory action"), partly in response to SFG's refusal to participate in the receivership. (Dizard Aff. ¶ 8, Ex. 7 (Receiver's Compl. for Declaratory J.).) Dizard brought the Declaratory action on behalf of all of the creditors to resolve the issue of whether SFG's mortgage had priority over the subcontractor liens, or the funds advanced by BuyCo, Fasteignir, and Askar. (*Id.*) Dizard is obligated to

address and resolve priority issues under the order appointing receiver, (Dizard Aff. ¶ 6, Ex. 5, ¶¶ 1, 9), and under Wis. Stat. §§ 128.17 and 179.73.

On August 17, 2009, BuyCo, Fasteignir, and Askar sought to intervene in the Declaratory action, as specifically interested entities challenging SFG's alleged priority position. (Dizard Aff. ¶ 9, Ex. 8 (Buyco, Fasteignir and Askar's Jt. Notice Mot and Mot. Intervene Declaratory action).) Uihlein Electric Company, Inc. ("Uihlein"), a primary electrical subcontractor for the Project, also sought to intervene to challenge SFG's claims to priority under Wisconsin's visible commencement of work rule in Wis. Stat. § 779.01(4). (Dizard Aff. ¶ 10, Ex. 9 (Uihlein Mot. Intervene Declaratory action dated Dec. 3, 2009).) SFG filed a motion challenging BuyCo, Fasteignir, and Askar's intervention, and for dismissal of the Declaratory Action. (Dizard Aff. ¶ 11, Ex. 10 (SFG's Mot. Dismiss Declaratory action dated Dec. 14, 2009).)

Prior to a decision in the Declaratory action, Dizard brought a motion in the Receivership action, requesting an order for express authority to prosecute the Declaratory action. (Dizard Aff. ¶ 12, Ex. 11 (Receiver's Mot. Clarify and/or, Expand Order Appointing Receiver dated Dec. 14, 2009).) BuyCo submitted a brief in support of Dizard's motion. (Dizard Aff. ¶ 13, Ex. 12 (BuyCo Br. Support Dizard Mot. to Clarify and/or Expand Ord. Appointing Receiver).) Judge Flanagan granted Dizard's motion, ruling that he had the authority, under the order appointing receiver, to bring and prosecute the Declaratory Action. (Dizard Aff. ¶ 14, Ex. 13 (Ord. Granting Mot. Clarify Order Appointing Receiver dated Jan.

7

13, 2010, *nunc pro tunc* July 8, 2009)); (Dizard Reply Aff. ¶ 1, Ex. A (Tr. Feb. 12, 2010, hearing, Declaratory action) 4.)

On February 12, 2010, Judge Dugan held a continued hearing on SFG's motion to dismiss the Declaratory action. (Dizard Reply Aff. ¶ 1, Ex. A.) Judge Dugan dismissed the Declaratory action concluding that Dizard did not have standing under Wisconsin law to bring a declaratory judgment action. (Dizard Reply Aff. ¶ 1, Ex. A 43.) The dismissal was with prejudice to the extent that no other declaratory judgment actions may be brought by Dizard. (Dizard Reply Aff. ¶ 1, Ex. A 44.) Judge Dugan stated that the dismissal had no impact on the Receivership action. (Dizard Reply Aff. ¶ 1, Ex. A 44.) Thus, the Declaratory action was ultimately dismissed, with explicit deference to Dizard's powers under Chapter 128 and the order appointing the receiver. (Dizard Aff. ¶ 15, Ex. 14.) BuyCo, Fasteignir, and Askar's motion to intervene in that action was not decided. (Dizard Aff. ¶ 15, Ex. 14.)

On February 12, 2010, BuyCo, Fasteignir, and Askar filed an action against SFG in Milwaukee County Circuit Court, Case Number 10-CV-2175, challenging SFG's priority position and ability to foreclose. (Dizard Aff. ¶ 17.) SFG removed that case to this District where it is now pending before this Court as the 198 action. (198 action, Not. of Removal.)

On April 7, 2010, SFG filed a lawsuit in the United States District Court for the Northern District of Georgia, as Case No. 10-CV-1020 (the "1020 action.") (Dizard Aff. ¶ 4, Ex. 3 (1020 action Compl.).) SFG sued the partners of DOC LP for the monies owed to it from the SFG Loan, which is between SFG and DOC LP. SFG also named the individual

8

guarantors of the SFG Loan. That lawsuit did not name DOC LP as a defendant and is not attempting to collect against the primary collateral for the SFG Loan — the Project. (*Id.*)

On April 14, 2010, one week after SFG filed the 1020 action, SFG filed the instant action to foreclose on the Property as a priority lien holder. (Compl. 10-CV-315 (the "315 action").) SFG alleges that it "has the right to have a receiver appointed to take possession of the Property, to operate the Property pending a foreclosure sale, to collect rents from the Property and to apply income from the Property, to the extent in excess of the cost of the receivership, to the Note." (315 action Compl. ¶ 60.) SFG requests that "a receiver be appointed by order of the Court to collect rents and prevent the commission of waste." (*Id.* at ¶ 62(G).) SFG did not petition the Milwaukee County Circuit Court for permission to file a suit against DOC LP in federal court.

The 1020 action filed by SFG in Georgia was transferred to this District on December 1, 2010, and is assigned to this Court. *See 2010-1 SFG Venture LLC v. EP Milwaukee LLC et al*, Case No. 10-CV-1079 (E.D. Wis.) (the "1079 action"). The 533, 198, 315, and the 1079 actions are pending before this Court. There are five cases pending in the federal and state court systems with closely related issues.

### *MOTION TO DISMISS OR FOR JOINDER*

In seeking dismissal of this action, Dizard relies upon the doctrine of prior exclusive jurisdiction, also know as the *Princess Lida*[4] doctrine, asserting that it is improper for this Court to exercise subject matter jurisdiction over this case because the Receivership

---

[4]The term refers to *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939).

action in the state circuit court is an *in rem* or quasi *in rem* proceeding. He also contends that subject matter jurisdiction is not proper under the *Barton* doctrine so named based on the decision in *Barton v. Barbour*, 104 U.S. 126, 136 (1881). Alternatively, Dizard maintains that SFG should be required to join two additional parties that it has not named as defendants; namely, BuyCo and EP.

SFG counters that the *Princess Lida* doctrine does not apply to it. SFG contends that the receivership order expressly exempts secured creditors, such as it, from the bar against proceedings against DOC LP and allows it to bypass the receivership. SFG also suggests that Dizard may not be challenging the entire action but only SFG's request for appointment of a receiver. It also maintains that the *Barton* doctrine does not foreclose its action against Dizard. SFG further contends that Dizard's argument that BuyCo and EP are required parties is meritless.

### *Prior Exclusive Jurisdiction*

In asserting that this Court may not exercise jurisdiction over this action, Dizard relies upon the doctrine of prior exclusive jurisdiction, citing *Dailey v. National Hockey League,* 987 F.2d 172, 175 (3d Cir. 1993). In *Dailey*, the appeals court held that the requirements for the application of the *Princess Lida* doctrine, also referred to as the doctrine of prior exclusive jurisdiction, precluded federal district court jurisdiction over an action because there was a prior pending Canadian action seeking the same relief that would require the district court to exercise control over the same property that was subject to control by the

Canadian court. *Id*. SFG does not directly address the doctrine of prior exclusive jurisdiction.

In the 198 action, this Court explained:

The principle of prior exclusive jurisdiction is illustrated by *Kline v. Burke Construction Company*, 260 U.S. 226, 229, 43 S.Ct. 79, 67 L.Ed. 226 (1922) stating:

> Where the action is *in rem* the effect is to draw to the federal court the possession or control, actual or potential, of the *res* [i.e., the property that is the subject matter of the dispute], and the exercise by the state court of jurisdiction over the same *res* necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.

*SJ Properties Suites, BuyCo v. Specialty Finance Group,* No. 10-C-198, ___ F. Supp. 2d ___ 2010 WL 3313667, at *7 (E.D. Wis. Aug. 24, 2010).

This Court stated that "the doctrine of prior exclusive jurisdiction developed out of the recognition that both federal and state courts have concurrent jurisdiction over property within their shared districts and that the interests of comity and the desire to avoid piecemeal litigation warranted the sound principle that a federal court should cede jurisdiction to a state court over property when that court has first exercised its power over the property and vice versa." *SJ Properties*, 2010 WL 3313667, at *7.

As this Court stated, the invocation of the doctrine is appropriate in cases where

> two suits are *in rem* or *quasi in rem*, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order

> to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other . . . . the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other. This is the settled rule with respect to suits in equity for the control by receivership of the assets of an insolvent corporation.
>
> *Penn Gen. Cas. Co. v. Commonwealth of Penn.*, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 (1935); *see also*, *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939). Jurisdiction attaches on the filing of the complaint in court, either federal or state, where process issues in due course. *Penn Gen.*, 294 U.S. at 196, 55 S.Ct. 386 (citing *Palmer*, 212 U.S. at 129, 29 S.Ct. 230).

*SJ Properties*, 2010 WL 3313667, at *7-*8.

However, the doctrine of prior exclusive jurisdiction may not be invoked where an action is strictly *in personam*, seeking relief in the form of damages or an injunctive order. *Id.* at *8 (citing *Princess Lida*, 305 U.S. at 465-66). The reason for this lies in the important distinction between actions *in personam* and actions either *in rem* or *quasi in rem*. *SJ Properties*, 2010 WL 3313667, at *8.

The Supreme Court outlined the distinctions between each: "[a] judgment *in personam* imposes a personal liability or obligation on one person in favor of another. A judgment *in rem* affects the interests of all persons in designated property. A judgment *quasi in rem* affects the interests of particular persons in designated property." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 246 n.12, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). Thus, a judgment *in personam* does not implicate a party's interest in a designated property, but only imposes

12

a personal liability or obligation on one party in favor of another. *SJ Properties,* 2010 WL 3313667, at *8. Because of this distinction, the doctrine of prior exclusive jurisdiction will not apply in the circumstance where one court exercises its jurisdiction over a specific property and another court exercises its jurisdiction over individuals. *Id.*

Based on the foregoing, the critical questions in this foreclosure action are whether the state court action and this action are *in rem* or *quasi in rem* and, if so, whether the doctrine precludes this Court's exercise of jurisdiction over the subject matter of the dispute. As this Court held in the 198 action, the Circuit Court for Milwaukee County has exercised its jurisdiction over the Property in the Receivership action. *Id*. When BuyCo filed its receivership complaint, the state court's jurisdiction attached to the Property. *Id*. The Receivership action is *in rem* because it affects the interests of secured and non-secured creditors in the Property. *Id*. *See also, Blackhawk Heating & Plumbing Co., Inc. v. Geeslin*, 530 F.2d 154, 158 (7th Cir. 1976) (holding that the appointment of a receiver and the institution of liquidation proceedings in the Illinois court against an insurer were *in rem*).

SFG's Complaint in this action is *in rem*, pertains to the Property, and seeks foreclosure pursuant to 28 U.S.C. §§ 2001 and 2002.[5] (*See* Compl. ¶¶ 1, 61-62.) Thus, the doctrine of prior exclusive jurisdiction applies.

---

[5] *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 101-02 (2d Cir. 1999) (citing *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964)), holds that a federal foreclosure action is an *in rem* action. *See also, Syver v. Hahn*, 94 N.W. 2d 161, 164-65 (Wis. 1959) (holding that, under Wisconsin law, a mortgage foreclosure action is a quasi proceeding *in rem*); *Sec. Nat'l Bank v. Cohen*, 143 N.W.2d 454, 456-57 (Wis. 1966) (same).

SFG argues that under Wisconsin law, secured creditors may bypass a receivership citing *Wisconsin Brick and Block Corp. v. Vogel*, 195 N.W.2d 664, 667 (Wis. 1972). Regardless of *Wisconsin Brick and Block*, the receiver has the authority to determine priority under Wis. Stat. § 128.17. And, SFG's contention that it has first priority is hotly contested. (Dizard's Reply in Supp. Mot. to Dismiss 4-6.) The issue regarding SFG's position as a creditor may be resolved through the state court receivership proceeding and the resolution of those issues will impact on SFG's ability to foreclose.

SFG also cites *Gotkin v. Korn*, 182 F.2d 380 (D.C. 1950); and *Allen v. See*, 196 F.2d 608 (10th Cir. 1952). Both cases address the rights of a secured creditor under the Bankruptcy Act of 1898. SFG simply cites the cases – without any pin cite or argument. SFG has failed to articulate the relevance of *Gotkin* and *Allen* to the issues presented by Dizard's motion to dismiss.

Under Wisconsin law, SFG cannot be compelled to participate in the receivership. However, prior to the commencement of the instant federal foreclosure action, the receivership acquired *in rem* jurisdiction over the property. *Wisconsin Brick and Block* does not abrogate a receiver's power to make priority decisions and potentially avoid liens. *See* Wis. Stat. §§ 128.17-128.18. *Wisconsin Brick and Block* also does not address the doctrine of prior exclusive jurisdiction.

SFG also suggests that Dizard may only be challenging the appointment of the receiver, contending that there is a difference between the functions of the type of receiver that it is requesting and Dizard's functions as a Chapter 128 receiver.

14

SFG maintains that it seeks the appointment of a receiver under Wis. Stat. § 813.16[6] ancillary to a foreclosure, citing *M &I Marshall & Ilsley Bank v. Urquhart Co.*, 706 N.W.2d 335, 340 (Wis. Ct. App. 2005). SFG cites *Emil v. Hanley*, 130 F.2d 369, 370 (2d Cir. 1942), which supports the conclusion that there is a functional difference between "a foreclosure receiver" and "a receiver appointed in an equity receivership or a state insolvency proceeding." SFG also cites *Lincoln Crest Realty v. Standard Apartment Development of West Allis*, 211 N.W.2d 501, 504-05 (Wis. 1973), for the proposition that Wisconsin law is

---

[6]Section 813.16 of the Wisconsin Statutes provides:

A receiver may be appointed:

(1) On the application of either party, when the applying party establishes an apparent right to or interest in property which is the subject of the action and which is in the possession of an adverse party, and the property or its rents and profits are in danger of being lost or materially impaired.

(2) By the judgment, or after judgment, to carry it into effect or to dispose of the property according to the judgment.

(3) To preserve the property during the pendency of an appeal; or when an execution has been returned unsatisfied and the judgment debtor refuses to apply the judgment debtor's property in satisfaction of the judgment or in an action by a creditor under ch. 816.

(4) When a corporation has been dissolved or is insolvent or in imminent danger of insolvency, or has forfeited its corporate rights.

(5) In accordance with the practice which obtained when the code of 1856 took effect except as otherwise provided in this chapter.

(6) The receiver shall give to and file with the clerk of the court a bond, conditioned in the usual manner, with sureties to be approved by the judge making the appointment sufficient to cover all property likely to come into the receiver's hands.

(7) If the person seeking the appointment of a receiver under sub. (1) is a savings and loan association or savings bank supervised by the division of banking or a corporation supervised by the home loan bank board, federal office of thrift supervision, federal deposit insurance corporation, or resolution trust corporation, the court, unless the opposing party objects, shall appoint an officer of such corporation as receiver to act without compensation and to give such bond as the court requires.

similar to that of New York as noted in *Emil* — a mortgagee's right to collect rents does not vest until it obtains a receiver to collect the rents for its benefit.

While two types of receivers may have a functional difference, that distinction does not resolve the issue raised by Dizard. Any receiver appointed by this Court would still be taking control of the Property from the Chapter 128 receiver. These cases do not have any bearing on the doctrine of prior exclusive jurisdiction.[7]

SFG further contends that, even if the Court determines that *Princess Lida* precludes it from appointing a foreclosure receiver, the entire action need not be dismissed citing to *National Partnership Investment Corp. v. National Housing Development Corp.*, 153 F.3d 1289, 1291 (11th Cir. 1998) and *L. I. G. Pet Goods Trading, LLC v. Goldfarb*, Civil Action No. 08-CV-5345, 2009 WL 141845, at*3-*5 (E.D. Pa. Jan. 16, 2009). Again, *National Partnership Investment*, 153 F.3d at 1291, did not involve the doctrine of prior exclusive jurisdiction. It was limited to addressing whether federal or state law governed the appointment of a receiver in a federal court exercising diversity jurisdiction over a foreclosure action, and *L.I.G. Pet Goods* is not analogous to the instant case, because the doctrine was not raised in conjunction with the relief sought by the plaintiffs or in support of dismissal of the

---

[7]*Urquhart Co.*, 706 N.W.2d at 340, presented the issue of whether an unsecured creditor could intervene in a pending § 813.16 receivership. *Emil*, 130 F.2d at 370, addressed the narrow issue of whether Congress intended to subject a previously pending New York court foreclosure action to federal bankruptcy jurisdiction under two provisions added in 1938 to the 1898 Bankruptcy Act. The Second Circuit held that Congress did not intend to do so.

entire action. The action was brought under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the plaintiffs did not request the appointment of a receiver.[8]

In light of the foregoing, this Court grants Dizard's motion to dismiss based on the doctrine of prior exclusive jurisdiction. *See FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999); *Carvel v. Thomas and Agnes Carvel Found.*, 188 F.3d 83, 85-86 (2d Cir. 1999). Based on this conclusion, Court need not address the *Barton* doctrine, which held that a suit against an equity receiver could not be maintained without the permission of the court that appointed him. Because the Court is dismissing the action and deferring to the state court, the Court also dismisses the remaining pending motions without ruling upon them.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Dizard's motion (Docket No. 70) to dismiss this action based on the doctrine of prior exclusive jurisdiction is **GRANTED**;

Dizard's alternative motion (Docket No. 70) for joinder of required parties is **DISMISSED**;

SFG's expedited motion to substitute the Plaintiff and to correct caption pursuant to Civil Local Rule 7(h) (Docket No. 112) is **DISMISSED**;

---

[8] Further, *L. I. G. Pet Goods*, 2009 WL 141845, at *3-*5, addressed a defendant's motion for appointment of a receiver. The district court denied the motion mechanically, not on its merits, based on the doctrine of prior exclusive jurisdiction. The court determined that the suits were both *in rem* and that the earlier state court divorce proceeding had established control over the *rem*. Id. It also stated that "the federal action is *in rem* because the requested appointment of the receiver would require this Court to exercise control over property disputed by Mr. and Mrs. Goldfarb." *Id.* at *5.

SFG's motion for leave to file reply brief in support of its Civil Local Rule 7(h) expedited non-dispositive motion for substitution of the Plaintiff and to correct caption (Docket No. 145) is **DISMISSED**;

The motion for withdrawal and discharge of counsel for Economou Partners and STJ, P.C. is **DISMISSED** (Docket No. 146);

This action is **DISMISSED** based on the doctrine of prior exclusive jurisdiction; and,

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of December, 2010.

          **BY THE COURT**

          *s/ Rudolph T. Randa*
          **Hon. Rudolph T. Randa**
          **U.S. District Judge**